**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-**

| | | |
|---|---|---|
| JOSE MANUEL LOPEZ ESPINOSA | § | |
|     Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-06-087 |
| | § | CRIMINAL ACTION NO. B-03-881 |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pending before the Court is the issuance of a Certificate of Appealability ("COA"). For the following reasons, a COA should not issue in this case.

### I.  Background

On May 15, 2006, Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 in the above styled civil case. On November 15, 2006, this Court recommended that the district court deny relief (Docket No. 10). On December 8, 2006, the district court adopted this Court's Report and Recommendation and entered an order dismissing the case (Docket No. 13). The Petitioner then filed a Notice of Appeal (Docket No. 17).

### II.  Treatment of Notice of Appeal as Application for COA

In order to properly appeal the district court's order, the Antiterrorism and Effective Death Penalty Act (AEDPA)[1] requires that Petitioner obtain a COA. Petitioner's § 2255 motion and Notice of Appeal were both filed after the effective date of AEDPA. Petitioner has not requested a COA, but this Court may determine whether he is entitled to one. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir.2000)("The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

having been issued."). A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir.1998); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir.1997)("[T]he district court should continue to review COA requests before the court of appeals does."). "A plain reading of the AEDPA compels the conclusion that COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone." *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir.1997).

Accordingly, this Court will treat Petitioner's Notice of Appeal as a request for a COA and will consider the arguments he presented in his § 2255 motion to determine whether a COA should issue in this case. *See U.S. v. Youngblood*, 116 F.3d 1113, 1114 (5th Cir. 1997)("If an appeal is taken by the applicant, the district judge who rendered the judgment shall either issue a certificate of appealability or state the reasons why such certificate should not issue").

### III. Substantial Showing of Denial of a Constitutional Right

A COA may issue if the Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" requires the applicant to demonstrate that the issue are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the question is adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003); *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999). Thus, the question for this Court is the debatability of the underlying constitutional claim, not the resolution of that debate. *Miller-El*, 537 U.S. at 342. "Indeed, a claim can be debatable even though every jurist of reason

might agree, after the COA has granted and the case has received full consideration, that the petitioner will not prevail." *Id*. at 338.

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

Petitioner, in his § 2255 motion, claims that he received ineffective assistance of counsel as trial counsel failed to recognize Petitioner's diminished mental capacity. The Magistrate Judge found that Petitioner's § 2255 motion was time barred under AEDPA[2] and recommended dismissal. The judgment in Petitioner's criminal case was entered on May 24, 2004, after the effective date of AEDPA, making Petitioner subject to the one year statute of limitations. Petitioner's conviction became final ten days later on June 8, 2004, when the time for seeking appellate review expired. The limitations period closed one year later on June 8, 2005. Petitioner filed his § 2255 motion on May 9, 2006, and was clearly time barred.

As Petitioner's motion was dismissed based on procedural grounds, Petitioner is required to show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the

---

[2] Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (1996).

district court was correct in its procedural ruling.  Petitioner's constitutional argument must be examined under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984).  Petitioner must demonstrate that counsel's performance was deficient and it prejudiced the defense.  There is no evidence in the record, and Petitioner suggests none, that demonstrates that Petitioner suffered from a diminished mental capacity.  There is only Petitioner's bare allegation, asserted for the first time in his motion to vacate.

The affidavit of Petitioner's trial counsel states that at least two other attorneys advised Petitioner during the pleading stage of his case.  The notes of these lawyers, present in the case file, do not indicate that Petitioner exhibited any diminished mental capacity, or that Petitioner alleged such.  The record is clear that trial counsel and two other attorneys advised and consulted Petitioner and none were aware of any mental condition which would have made Petitioner incompetent.  To the contrary, the affidavit indicates that trial counsel advised against proceeding to trial and that Petitioner consistently refused to take counsel's advice.  Petitioner's bald assertion of an alleged mental condition is not sufficient to demonstrate that counsel's performance was deficient.

Because Petitioner's motion was dismissed on procedural grounds, Petitioner must also show that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  As Petitioner's conviction became final on June 8, 2004, Petitioner had until June 8, 2005, to file his motion.  Petitioner filed his motion on May 15, 2006, which was clearly outside the limitations period.  The Court is confident that reasonable jurists would not find it debatable whether the Magistrate Judge was correct in its procedural ruling in finding Petitioner's motion was time barred.

## IV. Recommendation

Petitioner has failed to show that reasonable jurists would find this Court's assessment of his constitutional claims debatable. *Slack*, 529 U.S. at 484. Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). After reviewing Petitioner's ineffective assistance of counsel claim and the analysis set forth in the Magistrate Judge's Report and Recommendation, the Court finds that no outstanding issues would be debatable among jurists of reason. Reasonable jurists cannot disagree regarding the utter lack of arguable merit underlying Petitioner's complaint.

Accordingly, this Court **RECOMMENDS** that Petitioner be **DENIED** a Certificate of Appealability on all his claims.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 2nd day March, 2007.

_____
John Wm. Black
United States Magistrate Judge