IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE MANUEL LOPEZ-ESPINOSA, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL NO. B-06-087 |
| | § | (CRIMINAL NO. B-03-881-1) |
| | § | |
| UNITED STATES OF AMERICA | § | |
| Respondent. | § | |

# ORDER

On March 2, 2007, the Honorable John Wm. Black, United States Magistrate Judge, filed a Report and Recommendation [Docket No. 21] recommending that this Court deny Petitioner's request for a Certificate of Appealability on all of his claims. Petitioner has objected [Docket No. 26] to said Report and Recommendation. Petitioner emphasized in his objections that he raised not only diminished mental capacity as a basis for his claim for relief, but also raised it as an excuse (i.e., a reason for tolling) for failing to comply with the time limitations created by the AEDPA for filing a § 2255 motion. This Report and Recommendation correctly notes that there is no evidence to support the former. The original Report and Recommendation on the merits [Docket No. 10] discussed both arguments in greater detail, but, suffice it to say, both the Magistrate Judge and the undersigned have reviewed this contention and found it without support. In this regard, this Court reemphasizes that there is no evidence to support the latter claim (other than the statements of a fellow inmate at the Bureau of Prison facility in which Mr. Lopez-Espinosa is incarcerated). Having considered *de novo* the Magistrate Judge's Report and Recommendation and the issues raised by Petitioner's objections, the Court hereby **ADOPTS** the Magistrate Judge's Report and

Recommendation [Docket No. 21] and **DENIES** Petitioner's request for a Certificate of Appealability.

Finally, this Court feels compelled to reemphasize the fallacy of Petitioner's overall contention. Petitioner again complains that he did not receive effective advice to accept the proffered plea bargain. This Court has before it not only the affidavit of defense counsel detailing his attempts to persuade Petitioner to accept the plea bargain, but also has before it statements made on the record where counsel (and the Court) made one last attempt prior to jury selection to persuade Petitioner to accept the "deal."

| | |
|---|---|
| **MR. CASAS:** | And I've asked him -- and yesterday I put on the record that Mr. Marposon had offered what I thought was a very generous plea agreement that would highly benefit the defendant. And for the record, I didn't put it on there, but I'd like to do so now with the court's indulgence. |
| | He said if he pled guilty before jury selection, and he meant by yesterday, that he would offer him the three points off for acceptance. This gentlemen also has a revocation pending from the 1998 conviction, and Mr. Marposon said that he would not oppose a request that I would make at time of sentencing that whatever sentence this court might impose on the revocation be run concurrent with the substantive new case. And I thought that was a very generous offer. And in the best case scenario, if the court would go for that, would save him a lot of time in jail. |
| | And he insists on going to trial. And I think I explained to the court at one time, the last time we were here, that my client's position has been with me that if I'm going to -- if I'm going to be looking at a large sentence, I might as well have a trial anyway. |
| | But in fleshing out the issues with him, it was those -- it was the double jeopardy issue and then the evidentiary hearing issue about the assault with the knife case. |
| **THE COURT:** | Okay, Mr. Lopez, would you come up here, please? |

> Mr. Lopez, I want to make sure you understand exactly what we're going to be trying here. You have a 100 percent absolute right to have a trial, and this court will honor your right to have a trial. And, in fact, we have jurors waiting to come in and be picked.
>
> But I want to make sure you understand that we're not going to retry the issue concerning that earlier aggravated assault conviction, the stabbing. It's not -- even though it is what enhances your sentence under the immigration laws of the United States, it's not an issue we're going to try here. And the courts are very clear that we don't retry prior cases, even though you pled guilty and probably didn't have a trial, as I understand from counsel.
>
> So I want you to understand that. You have a -- you have a perfect right to have a trial if you want it, but part of this trial is not going to be a retrial of the stabbing issue. Do you understand?

**THE DEFENDANT:** Yes.

**THE COURT:** All right. And do you still want to go to trial?

**THE DEFENDANT:** Yes.

**THE COURT:** <u>All right. Even though you know, and it's been explained to you by Mr. Casas, that if you're convicted after the trial, you would get a heavier sentence than if you pled guilty</u>?

**THE DEFENDANT:** <u>Yes</u>. (Emphasis added.)

Despite this Court's questioning, Petitioner insisted on a trial, rejected the sage advice he was given by counsel, and now is seeking to undo his folly. Such an attempt is without merit.

Signed this 30th day of March, 2007.

Andrew S. Hanen
United States District Judge